# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
### HARRISBURG DIVISION

| | |
|---|---|
| SMART COMMUNICATIONS HOLDING, INC. and HLFIP HOLDING, INC. d/b/a SMART COMMUNICATIONS IP HOLDINGS,<br>*Plaintiffs,*<br><br>v.<br>GLOBAL TEL*LINK CORP.;<br>YORK COUNTY, PENNSYLVANIA;<br>YORK COUNTY PRISON; and<br>ADAM OGLE, *in his official capacity as York County Prison Warden*,<br>*Defendants.* | CIVIL ACTION NO. 1:21-cv-01708-JPW |

## DEFENDANT GLOBAL TEL*LINK CORPORATION'S ANSWER TO COMPLAINT

Defendant Global Tel*Link Corporation ("GTL"), by its counsel, hereby answers the Complaint filed by Plaintiffs Smart Communications Holding, Inc. and HLFIP Holding, Inc., d/b/a Smart Communications IP Holdings ("Plaintiffs"), and states as follows.[1]

---

[1] By operation of the Court's Orders (ECF Nos. 96 and 107) ruling on GTL's motion to dismiss (ECF No. 29) (the "Rule 12 Orders"), the sole remaining cause of action is Count II alleged against GTL for alleged tortious interference with a prospective contract, and the sole remaining alleged factual basis for Count II is the alleged

1.      Paragraph 1 of the Complaint contains a characterization of this action to which no response is required. To the extent a response is required, it is denied.

2.      GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint.

3.      GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint.

4.      GTL admits the allegations contained in Paragraph 4 of the Complaint.

5.      York County is no longer a Defendant. GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint.

6.      YCP is no longer a Defendant. GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint.

7.      GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint.

---

statement set forth at paragraph 68 of the Complaint. ECF 106 pp. 15-18. Accordingly, GTL answers the allegations pertaining to Count II, as narrowed by the Rule 12 Orders. Any allegations that are not related to Count II as narrowed by the Rule 12 Orders are no longer before the Court. To the extent that there are factual allegations that are unrelated to Count II, those allegations are denied. Any allegations not specifically admitted are denied.

8.     No answer is required as to Paragraph 8 of the Complaint per the Rule 12 Orders, and because Paragraph 8 includes conclusions of law to which no response is required. To the extent an answer is required, GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint.

9.     No answer is required as to Paragraph 9 of the Complaint per the Rule 12 Orders, and because Paragraph 9 includes conclusions of law to which no response is required. To the extent an answer is required, GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint.

10.     Paragraph 10 of the Complaint states a legal conclusion to which no response is required. GTL does not contest the Court's subject-matter jurisdiction.

11.     Paragraph 11 of the Complaint states a legal conclusion to which no response is required.

12.     No answer is required as to Paragraph 12 of the Complaint per the Rule 12 Orders, and because Paragraph 12 includes conclusions of law to which no response is required. To the extent an answer is required, GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint.

13.      No answer is required as to Paragraph 13 of the Complaint per the Rule 12 Orders, and because Paragraph 13 includes conclusions of law to which no response is required. To the extent an answer is required, GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint.

14.      No answer is required as to Paragraph 14 of the Complaint per the Rule 12 Orders, and because Paragraph 14 includes conclusions of law to which no response is required. To the extent an answer is required, GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint.

15.      Paragraph 15 of the Complaint states a legal conclusion to which no response is required.

16.      GTL admits that it entered into a contract with York County to provide inmate calling service (ICS). The terms of the contract speak for themselves.  All other allegations contained in Paragraph 16 of the Complaint are denied.

17.      Paragraph 17 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, GTL's contract with York County speaks for itself, and all other allegations contained in Paragraph 17 of the Complaint are denied.

18.     GTL denies the allegations contained in Paragraph 18 of the Complaint based on the characterizations contained therein.

19.     GTL admits that the ability of inmates to make and receive phone calls is subject to conditions, the terms of which speak for themselves. All remaining allegations of Paragraph 19 are denied.

20.     Paragraph 20 of the Complaint contains allegations relating to the York County website, which speaks for itself. All remaining allegations of Paragraph 20 are denied.

21.     Paragraph 21 of the Complaint contains allegations relating to the York County website, which speaks for itself. GTL denies the allegations contained in Paragraph 21 of the Complaint. By way of further answer, GTL avers that friends and family members have multiple options for payment purposes.

22.     Paragraph 22 of the Complaint contains allegations relating to a contract entered into between York County and TCG Public Communications, Inc., which speaks for itself. All remaining allegations of Paragraph 22 are denied.

23.     Paragraph 23 of the Complaint contains allegations relating to a contract amendment, which speaks for itself. All remaining allegations contained in Paragraph 23 are denied.

24.    GTL admits that the ICP Agreement was amended seven additional times between 2009 and 2019. All remaining allegations contained in Paragraph 24 are denied.

25.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations and characterizations of Paragraph 25 of the Complaint.

26.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint.

27.    Paragraph 27 of the Complaint states a legal conclusion to which no response is required. To the extent an answer is required, GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint.

28.    Paragraph 28 of the Complaint states a legal conclusion to which no response is required. To the extent an answer is required, GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint.

29.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint.

30.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint.

31.    GTL admits the allegations of Paragraph 31 of the Complaint.

32.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint.

33.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint.

34.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint.

35.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint.

36.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Complaint.

37.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint.

38.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Complaint.

39.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 of the Complaint.

40.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Complaint.

41.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint.

42.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint.

43.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Complaint.

44.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Complaint.

45.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint.

46.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Complaint.

47.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 of the Complaint.

48.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Complaint.

49.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the Complaint.

50.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of the Complaint.

51.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 of the Complaint.

52.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the Complaint.

53.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Complaint.

54.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of the Complaint.

55.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Complaint.

56.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56 of the Complaint.

57.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 of the Complaint.

58.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 of the Complaint.

59.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the Complaint.

60.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 of the Complaint.

61.    GTL admits that Michael Specht sent a letter to Mr. Jonathan Logan with a copy to John Frank Murphy, Baker Hostetler on October 28, 2020. The document speaks for itself.  GTL denies the remainder of the allegations contained in Paragraph 61 of the Complaint.

62.    GTL admits that Michael Specht sent a letter to Mr. Jonathan Logan with a copy to John Frank Murphy, Baker Hostetler on October 28, 2020. The document speaks for itself. GTL denies the remainder of the allegations of Paragraph 62 of the Complaint.

63.    Paragraph 63 of the Complaint references a letter, which speaks for itself.  GTL denies the characterization of the letter and the remaining allegations of Paragraph 63 of the Complaint.

64.    Paragraph 64 of the Complaint references a letter, which speaks for itself.  GTL denies the characterization of the letter and the remaining allegations of Paragraph 64 of the Complaint.

65.    Paragraph 65 of the Complaint contains characterization of a letter, which speaks for itself. GTL denies the characterization of the letter and the remaining allegations of Paragraph 65 of the Complaint.

66.    GTL denies the allegations contained in Paragraph 66 of the Complaint.

67.    GTL denies the allegations contained in Paragraph 67 of the Complaint.

68.    GTL denies the allegations contained in Paragraph 68 of the Complaint.

69.    GTL denies the allegations contained in Paragraph 69 of the Complaint.

70.    GTL denies the allegations contained in Paragraph 70 of the Complaint.

71.    GTL denies the allegations contained in Paragraph 71 of the Complaint.

72.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 of the Complaint.

73.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 of the Complaint.

74.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 of the Complaint.

75.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 of the Complaint.

76.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 of the Complaint.

77.     GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 of the Complaint.

78.     GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 of the Complaint.

79.     GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 of the Complaint.

80.     GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80 of the Complaint.

81.     GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to the December 9, 2020 meeting. The remainder of the allegations in Paragraph 81 relate to a written Contract Agreement Amendment, which speaks for itself.  GTL denies the remaining allegations of Paragraph 81 of the Complaint.

82.     Paragraph 82 of the Complaint contains allegations relating to a pleading and Court Order, both of which speak for themselves. GTL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 82 of the Complaint.

83.     GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 of the Complaint.

84.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84 of the Complaint.

85.    GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 of the Complaint.

86.    Paragraph 86 of the Complaint contains allegations relating to a written Contract Agreement Amendment, which speaks for itself. GTL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 86 of the Complaint.

87.    Paragraph 87 of the Complaint references written meeting agendas and minutes, which speak for themselves. GTL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 87 of the Complaint.

88.    Paragraph 88 of the Complaint contains allegations relating to documents submitted to the Court, which speak for themselves. GTL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 88 of the Complaint.

89.    GTL denies the allegations contained in Paragraph 89 of the Complaint.

90.    GTL denies the allegations contained in Paragraph 90 of the Complaint.

91.    Paragraph 91 of the Complaint references petitions submitted to the Patent Trial and Appeal Board of the United States Patent and Trademark Office, which speak for themselves. GTL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 91 of the Complaint.

92.    Paragraph 92 of the Complaint references a motion submitted to the Court, which speaks for itself. GTL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 92 of the Complaint.

93.    Paragraph 93 of the Complaint references a motion submitted to the Court, which speaks for itself.  GTL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 93 of the Complaint.

94.    Paragraph 94 of the Complaint references a motion submitted to the Court, which speaks for itself.  GTL denies the remaining allegations of Paragraph 94 of the Complaint.

95.    GTL denies the allegations contained in Paragraph 95 of the Complaint.

96.    GTL admits discussing the Patent Litigation with Mr. Doll but otherwise denies all other allegations contained in Paragraph 96.

97.    GTL admits entering into an agreement to provide ICS to YCP that contained an indemnification provision, and the agreement speaks for itself. GTL denies the remaining allegations contained in Paragraph 97 of the Complaint.

98.    GTL admits entering into an agreement to provide ICS to YCP that contained an indemnification provision, and the agreement speaks for itself. GTL otherwise denies the allegations contained in Paragraph 98 of the Complaint.

99.    GTL denies the allegations contained in Paragraph 99 of the Complaint. To the extent Paragraph 99 refers to the agreement entered into to provide ICS to YCP, the contents of the agreement speak for themselves.

100.   With regard to the allegations concerning GTL's "prior rates," those rates were set by a written agreement, the contents of which speak for themselves. GTL is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 100 of the Complaint.

101.   GTL is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101 of the Complaint.

102.   GTL denies the allegations contained in Paragraph 102 of the Complaint.

103.   GTL denies the allegations contained in Paragraph 103 of the Complaint.

104.    GTL denies the allegations contained in Paragraph 104 of the Complaint.

105.    Paragraph 105 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, GTL denies the allegations of Paragraph 105 of the Complaint.

106.    Paragraph 106 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, GTL denies the allegations of Paragraph 106 of the Complaint.

107.    Paragraph 107 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, GTL denies the allegations of Paragraph 107 of the Complaint.

108.    Paragraph 108 of the Complaint references a writing which speaks for itself. All other allegations contained in Paragraph 108 are denied.

109.    Paragraph 109 of the Complaint references a writing which speaks for itself. All other allegations contained in Paragraph 109 are denied.

110.    Paragraph 110 of the Complaint references a writing which speaks for itself.  All other allegations contained in Paragraph 110 are denied.

111.    Paragraph 111 of the Complaint references a writing which speaks for itself.  All other allegations contained in Paragraph 111 are denied.

112.    Paragraph 112 of the Complaint references a writing which speaks for itself.  All other allegations contained in Paragraph 112 are denied.

113.    The pleadings in the Patent Litigation and the terms of the contract between GTL and York County are writings that speak for themselves.  GTL denies the remaining allegations of Paragraph 113 of the Complaint.

114.    The terms of the contract between GTL and York County speak for themselves.   GTL denies the remaining allegations of Paragraph 114 of the Complaint.

115.    The terms of the contract between GTL and York County speak for themselves.   GTL denies the remaining allegations of Paragraph 115 of the Complaint.

116.    The terms of the contract between GTL and York County speak for themselves.   GTL denies the remaining allegations of Paragraph 116 of the Complaint.

117.    The terms of the contracts between GTL and York County are writings that speak for themselves.  GTL denies the remaining allegations of Paragraph 117 of the Complaint.

118.    No answer is required as to Paragraph 118 of the Complaint per the Rule 12 Orders.

119.    No answer is required as to Paragraph 119 of the Complaint per the Rule 12 Orders.

120.    No answer is required as to Paragraph 120 of the Complaint per the Rule 12 Orders.

121.    No answer is required as to Paragraph 121 of the Complaint per the Rule 12 Orders.

122.    No answer is required as to Paragraph 122 of the Complaint per the Rule 12 Orders.

123.    No answer is required as to Paragraph 123 of the Complaint per the Rule 12 Orders.

124.    No answer is required as to Paragraph 124 of the Complaint per the Rule 12 Orders.

125.    No answer is required as to Paragraph 125 of the Complaint per the Rule 12 Orders.

126.    No answer is required as to Paragraph 126 of the Complaint per the Rule 12 Orders.

127.    No answer is required as to Paragraph 127 of the Complaint per the Rule 12 Orders.

128.   No answer is required as to Paragraph 128 of the Complaint per the Rule 12 Orders.

129.   No answer is required as to Paragraph 129 of the Complaint per the Rule 12 Orders.

130.   No answer is required as to Paragraph 130 of the Complaint per the Rule 12 Orders.

131.   No answer is required as to Paragraph 131 of the Complaint per the Rule 12 Orders.

132.   No answer is required as to Paragraph 132 of the Complaint per the Rule 12 Orders.

133.   No answer is required as to Paragraph 133 of the Complaint per the Rule 12 Orders.

134.   No answer is required as to Paragraph 134 of the Complaint per the Rule 12 Orders.

135.   No answer is required as to Paragraph 135 of the Complaint per the Rule 12 Orders.

136.   No answer is required as to Paragraph 136 of the Complaint per the Rule 12 Orders.

137.   No answer is required as to Paragraph 137 of the Complaint per the Rule 12 Orders.

138.   No answer is required as to Paragraph 138 of the Complaint per the Rule 12 Orders.

139.   No answer is required as to Paragraph 139 of the Complaint per the Rule 12 Orders.

140.   No answer is required as to Paragraph 140 of the Complaint per the Rule 12 Orders.

141.   No answer is required as to Paragraph 141 of the Complaint per the Rule 12 Orders.

### COUNT I – Unlawful Exclusive Dealing in Violation of Section 1 of the Sherman Act (Against All Defendants)

142.   No answer is required as to Paragraph 142 of the Complaint per the Rule 12 Orders.

143.   No answer is required as to Paragraph 143 of the Complaint per the Rule 12 Orders.

144.   No answer is required as to Paragraph 144 of the Complaint per the Rule 12 Orders.

145. No answer is required as to Paragraph 145 of the Complaint per the Rule 12 Orders.

146. No answer is required as to Paragraph 146 of the Complaint per the Rule 12 Orders.

147. No answer is required as to Paragraph 147 of the Complaint per the Rule 12 Orders.

148. No answer is required as to Paragraph 148 of the Complaint per the Rule 12 Orders.

149. No answer is required as to Paragraph 149 of the Complaint per the Rule 12 Orders.

150. No answer is required as to Paragraph 150 of the Complaint per the Rule 12 Orders.

151. No answer is required as to Paragraph 151 of the Complaint per the Rule 12 Orders.

152. No answer is required as to Paragraph 152 of the Complaint per the Rule 12 Orders.

153. No answer is required as to Paragraph 153 of the Complaint per the Rule 12 Orders.

154.   No answer is required as to Paragraph 154 of the Complaint per the Rule 12 Orders.

155.   No answer is required as to Paragraph 155 of the Complaint per the Rule 12 Orders.

156.   No answer is required as to Paragraph 156 of the Complaint per the Rule 12 Orders.

## COUNT II
### Tortious Interference With Prospective Business Relations (Against GTL)

157.   GTL incorporates the corresponding paragraph of this Answer.

158.   Paragraph 158 of the Complaint states a legal conclusion to which no response is required. To the extent an answer is required, GTL denies the allegations contained herein.

159.   Paragraph 159 of the Complaint states a legal conclusion to which no response is required. To the extent an answer is required, GTL denies the allegations contained herein.

160.   Paragraph 160 of the Complaint states a legal conclusion to which no response is required. To the extent an answer is required, GTL denies the allegations contained herein.

161.   GTL denies the allegations contained in Paragraph 161 of the Complaint.

162.   Paragraph 162 of the Complaint states a legal conclusion to which no response is required. To the extent an answer is required, GTL denies the allegations contained herein.

## COUNT III
### Unfair Competition
### (Against GTL)

163.   No answer is required as to Paragraph 163 of the Complaint per the Rule 12 Orders.

164.   No answer is required as to Paragraph 164 of the Complaint per the Rule 12 Orders.

165.   No answer is required as to Paragraph 165 of the Complaint per the Rule 12 Orders.

166.   No answer is required as to Paragraph 166 of the Complaint per the Rule 12 Orders.

167.   No answer is required as to Paragraph 167 of the Complaint per the Rule 12 Orders.

## COUNT IV
### Champerty and Maintenance
### (Against GTL)

168.   No answer is required as to Paragraph 168 of the Complaint per the Rule 12 Orders.

169.  No answer is required as to Paragraph 169 of the Complaint per the Rule 12 Orders.

170.  No answer is required as to Paragraph 170 of the Complaint per the Rule 12 Orders.

171.  No answer is required as to Paragraph 171 of the Complaint per the Rule 12 Orders.

172.  No answer is required as to Paragraph 172 of the Complaint per the Rule 12 Orders.

173.  No answer is required as to Paragraph 173 of the Complaint per the Rule 12 Orders.

174.  No answer is required as to Paragraph 174 of the Complaint per the Rule 12 Orders.

175.  No answer is required as to Paragraph 175 of the Complaint per the Rule 12 Orders.

176.  No answer is required as to Paragraph 176 of the Complaint per the Rule 12 Orders.

177.  No answer is required as to Paragraph 177 of the Complaint per the Rule 12 Orders.

## REQUEST FOR RELIEF

The Request for Relief set forth in the Complaint states conclusions of law and prayers for relief to which no response is required. To the extent the Request for Relief contains factual allegations, they are denied.  By way of further response, it is denied that Plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES[2]

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claim fails under the competition privilege.

---

[2] GTL does not concede that it has the burden of proof as to any issue relating to any of its affirmative defenses.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claim fails because the alleged interference was justified.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim fails because the alleged interference was privileged.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claim fails because GTL acted to protect its own legitimate economic interests.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claim fails because GTL acted to advance its interest in competing with plaintiffs.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim fails because GTL's action did not create an unlawful restraint of trade.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim fails because GTL did not employ wrongful means.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claim fails because the alleged statement on which the claim is based was true or substantially true.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim fails because the alleged statement on which the claim is based was a matter of opinion.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim fails because the alleged statement on which the claim is based was a legal conclusion.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim fails because the alleged statement on which the claim is based was not a statement of present fact.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim fails because the alleged statement on which is based was privileged.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim fails for lack of causation in fact.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim fails for lack of proximate causation.

WHEREFORE, GTL respectfully requests that the Court enter judgment in its favor, against Plaintiffs, and for such other relief as the Court deems just and proper.

Date: May 28, 2024

Respectfully submitted,

**GREENBERG TRAURIG LLP**

*/s/ Brian T. Feeney*
Brian T. Feeney, Esq. (PA 78574)
1717 Arch Street, Suite 400
Philadelphia, PA 19103
Tel: (215) 988-7812
Fax: (215) 717-5265
Email: feeneyb@gtlaw.com

Michael R. Sklaire, Esq. (*pro hac vice*)
**GREENBERG TRAURIG LLP**
1750 Tysons Boulevard, Suite 1000
McLean, VA 22102
Tel: (703) 749-1308
Fax: (703) 749-1300
Email: sklairem@gtlaw.com

*Counsel for Defendant GTL*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 28, 2024, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all parties of record.

<u>/s/ Brian T. Feeney</u>
Brian T. Feeney, Esq. (PA 78574)
